IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | Criminal No. 3:15-CR-234-D |
| VS. § | |
| § | |
| JULIAN CABRERA, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Defendant Julian Cabrera ("Cabrera") moves for a reduction of sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines. Because Cabrera is ineligible for a sentence reduction under § 3582(c)(2), the court denies his motion.

I

Cabrera pleaded guilty to possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C). On February 12, 2016 the court sentenced him to 108 months' imprisonment to be followed by 3 years of supervised release.

On February 2, 2022 Cabrera filed a motion under 18 U.S.C. § 3582(c)(2) requesting that his sentence be reduced based on Amendment 782 to the United States Sentencing Guidelines. On February 16, 2022 the court entered an order directing the government to respond to Cabrera's motion and permitting Cabrera to reply to the government's response

no later than April 15, 2022. The government filed its response on February 22, 2022. Cabrera has not filed a reply,[*] and his motion is now ripe for a decision.

II

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(2), a court may reduce a defendant's term of imprisonment if the defendant "has been sentenced to a term . . . based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Guidelines Amendment 782, which retroactively lowered the base offense levels in U.S.S.G. § 2D1.1, became effective on November 1, 2014. Cabrera pleaded guilty to possession with intent to distribute cocaine in 2015. The presentence report ("PSR"), on which the court relied in sentencing Cabrera, stated that Cabrera was accountable for 48.02 kilograms of cocaine and 104.2 grams of heroin. Applying the November 1, 2014 Guidelines Manual, the PSR converted these different drug amounts to 9,604.12 kilograms of marijuana and 104.2 kilograms of marijuana, respectively, and added them together for a total drug

---

[*]On March 21, 2022 Cabrera sent a letter to the court stating that, although he had received a copy of the court's February 16, 2022 order, he had not yet received the government's response to his motion. Although it appears that Cabrera has experienced difficulty in prison receiving his mail in a timely manner, he has not requested additional time in which to reply to the government's response. And for the reasons explained in the court's opinion, a reply would not change the fact that Cabrera is ineligible for a sentence reduction.

quantity of 9,708.32 kilograms of marijuana. This equated to a base offense level of 32 under the November 1, 2014 version of § 2D1.1(c)(4). Applying the most recent version of the Guidelines Manual results in the same base offense level. Because, even if sentenced today, Cabrera would not receive a lower base offense level than he already received, he is ineligible for a reduction in sentence under 18 U.S.C. § 3582(c)(2).

* * *

Accordingly, for the reasons explained, the court denies Cabrera's February 2, 2022 motion for a reduction in sentence.

**SO ORDERED**.

June 27, 2022.

                                                SIDNEY A. FITZWATER
                                                SENIOR JUDGE